139   209
p141   75
f141  376

## TROMBLY v. KLERSY.[1]

MORTGAGES — ENFORCEMENT — PROMISE TO FORBEAR — CONSIDERA
TION—EVIDENCE—SUFFICIENCY.
  Where, at the time of the making of a loan secured by a mortgage, there was no arrangement that the mortgage should
  . not be paid according to its terms, evidence of subsequent
  statements by the mortgagee that he did not expect the
  mortgagor to pay the principal, and that he would have the
  money after the mortgagee's death, did not establish a binding promise on the mortgagee's part to forbear collection of
  the debt, there being no consideration to support it.

Appeal from Wayne; Frazer, J.   Submitted January
11, 1905.   (Docket No. 46.)   Decided February 28, 1905.

Bill by Robert Trombly, guardian of Joseph Buhler, an
incompetent, against Andrew Klersy and another for the
foreclosure of certain mortgages.   Defendants filed an
answer in the nature of a cross-bill claiming an agreement
for the cancellation of said mortgages at the death of the
mortgagee, and prayed for specific performance.   From a
decree for defendants, complainant appeals.   Reversed,
and decree entered for complainant.

*De Forest Paine*, for complainant.

*William Look* (*Henry F. Chipman*, of counsel), for
defendants.

HOOKER, J.   Complainant, in the capacity of guardian
of one Joseph Buhler, an incompetent person, filed the
bill in this cause to foreclose three mortgages given by
Andrew Klersy to said Joseph Buhler.   The defendants,
husband and wife, contest the cause upon the ground that
Buhler is under contract obligations to cancel said mortgages upon his death, and that only the interest is his due

[1]Rehearing denied December 30, 1905.

upon the mortgages, and a cross-bill was filed praying for a specific performance of the contract. Andrew Klersy married Buhler's niece, at Buhler's house. According to Klersy's testimony, the three mortgages were given to secure three loans amounting to $12,000, and Klersy testified that when given there was no arrangement that they should be canceled, or that they should not be paid according to their terms. There is testimony in the case that Buhler and his wife have often said that he did not expect the defendant to pay the principal of these mortgages, and that Klersy would be his heir and have the money after Buhler's death; that he would make a will to that effect; and that a will (not produced) had been made.

Our examination of the proof compels us to say that there is no testimony showing a valid and binding promise to cancel the mortgages or forbear collection of the principal. If it could be said that such a promise was made, no consideration is shown to support it.

It is urged that this money was given to the defendant, but there is no testimony supporting the claim. The most that can be said is that Buhler stated that he should make a gift by canceling the mortgages. This he never did. Counsel strive to maintain their claim upon the theory that, by making a will to that effect, the gift vested, but it is a sufficient answer to say that, if a will could have that effect, there is no proof of such an existing will. Upon the proof, we are constrained to reverse the decree. A decree will be entered here, in accordance with the prayer of the bill, for the amount of the three mortgages, with interest. Complainant will recover costs of both courts.

MOORE, C. J., and CARPENTER, MONTGOMERY, and OSTRANDER, JJ., concurred.