141      73
f141    376

## TROMBLY *v.* KLERSY.[1]

1. GIFTS—DELIVERY—NECESSITY.

Where the payee of a note after it was executed told the maker that he need only pay the interest, and the debt would be canceled by will at the payee's death, but retained possession of the note, there was no such delivery as to constitute a gift of the note by the payee to the maker.

2. CONTRACTS—CONSIDERATION.

An agreement by the payee of a note after it was executed to cancel the same at his death, by will, upon the regular payment of interest by the maker, was without consideration and void.

Error to Wayne; Rohnert, J. Submitted June 13, 1905. (Docket No. 4.) Decided July 21, 1905.

Assumpsit by Robert Trombly, guardian of the person and estate of Joseph Buhler, an incompetent, against Andrew Klersy on a promissory note. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

This suit is based upon a promissory note dated February 3, 1900, for $1,000, made by defendant, and payable to the order of Joseph Buhler, an incompetent person, of whose person and estate the plaintiff was duly appointed guardian. With the plea, notice was given that said note was given by Joseph Buhler to defendant upon condition that defendant "pay to said Buhler interest upon said principal sum for and during the natural life of said Joseph Buhler at the rate of five per cent. per annum, and that he (said Joseph Buhler) had canceled said principal indebtedness, as evidenced by said note, by testamentary bequest in his (said Joseph Buhler's) last will."

The note was a renewal of one for the same amount ex-

[1]Rehearing denied December 30, 1905.

ecuted in 1894. Defendant admitted the receipt of the money and the payment of interest. Defendant testified that in December, 1896, he had a conversation with Mr. and Mrs. Buhler, in which they said that after their death everything would be free and clear, and that all he had to do was to pay the interest; that the debt was to be canceled by will as was also another indebtedness of $12,000 from the defendant to Mr. Buhler, secured by mortgages, but that nothing of that kind was said when he borrowed the money. One witness (a Mrs. Rommeck) testified that after Mrs. Buhler's death Mr. Buhler said to the witness "that everything Mr. Klersy owed him—the whole thing —he should pay the interest on it now, because he had to live on the interest, but after his death everything should be his;" that Mr. Buhler made a will with such a provision in it, and that she was present at the time. The scrivener who drew the will testified that the will then drawn did not contain such a provision, and that that will was not now in existence. There is no evidence of the execution of another will.

The court directed a verdict for the plaintiff on the ground that there was no evidence of a gift.

*William Look*, for appellant.

*De Forest Paine*, for appellee.

GRANT, J. (*after stating the facts*). The instruction was correct. Mr. Buhler retained the possession of the note, and the record is barren of any evidence tending to show that he delivered it to the defendant, or to any one for him. The delivery essential to constitute a gift was therefore wanting. If it be insisted that there was an agreement to cancel the note at his death by will, upon the regular payment of interest, such an agreement was without consideration and void. The same defense was made by this same defendant in a suit to foreclose the mortgages, and the same testimony introduced to defeat the suit; and we held that there was no gift, and no con-

sideration for any promise to cancel the debt.   139 Mich.
209.

We find no error in the rulings of the court in excluding testimony.

Judgment affirmed.

CARPENTER, MCALVAY, MONTGOMERY, and OSTRANDER, JJ., concurred.